EXHIBIT A

**FILED**

18 AUG 06 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-19571-3 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| CHRISTOPHER M. STOUT, A SINGLE PERSON,<br><br>         PLAINTIFF,<br><br>VS.<br><br>THE CITY OF TUKWILA, A MUNICIPAL CORPORATION OF THE STATE OF WASHINGTON; THE TUKWILA POLICE DEPARTMENT; OFFICER CHRISTOPHER BACKUS, in his official and individual capacities; OFFICER DANIEL LINDSTROM in his official and individual capacities; JOHN DOES 1 THROUGH 3 AND JANE DOES 1 THROUGH 3,<br><br>         DEFENDANTS. | No.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. ASSAULT<br>2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>3. VIOLATION OF CIVIL RIGHTS<br>4. ARREST WITHOUT PROBABLE CAUSE |

## PARTIES

1    Plaintiff, Christopher M. Stout, hereby complains and alleges as follows:

11.    Plaintiff, Christopher M. Stout (hereinafter referred to as Plaintiff) is and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Seattle, King County, Washington State.

2.    At all times relevant to this action, Christopher M. Stout was at all times relevant a "person within the jurisdiction" of the United States for the purposes of 42 U.S.C. § 1983.

3.    At all times relevant to this action, Plaintiff, Christopher Stout, was a "person" for the purposes of the Fourteenth Amendment to the United States Constitution.

Complaint       Stout v. City of Tukwila
Page 1

MEDICAL LEGAL CONSULTANTS OF WASHINGTON
5355 204th Place NE
Redmond, WA  98053

4.    Defendant Officer Christopher Backus, (hereinafter referred to as Defendant Officer Backus) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in King County, Washington State.

5.    Defendant Officer Backus was at all time relevant employed by the Tukwila Police Department as a law enforcement officer.

6.    Defendant Officer Daniel Lindstrom (hereinafter referred to as Defendant Officer Lindstrom) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in King County, Washington State.

7.    Defendant Officer Lindstrom was at all time relevant employed by the Tukwila Police Department as a law enforcement officer.

8.    Defendant Sergeant Mark Dunlap, (hereinafter referred to as Defendant Sergeant Dunlap) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in King County, Washington State.

9.    Defendant Sergeant Dunlap was at all time relevant employed by the Tukwila Police Department as a law enforcement supervisory officer.

10.    Defendant Tukwila Police Department,  (hereinafter referred to as Defendant Police Department) upon information and belief, is now, and at all times mentioned herein was, a department of the government of the City of Tukwila located in the City of Tukwila, King County, Washington State.

11.    Defendant City of Tukwila, (hereinafter referred to as Defendant City) upon information and belief, is now, and at all times mentioned herein was, a municipal corporation of the State of Washington.

12.    Plaintiff is unaware of the true names or capacities, whether they are individuals or government entities, of Defendant John Does 1 through 3, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

13.    Plaintiff is unaware of the true names or capacities, whether they are individuals or government entities, of Defendant Jane Does 1 through 3, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

Complaint        Stout v. City of Tukwila
Page 2

MEDICAL LEGAL CONSULTANTS OF WASHINGTON
5355 204th Place NE
Redmond, WA  98053

14.   At all times mentioned herein, Defendants, and each of them,  were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency.  Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages they have incurred.

### THE EVENTS

15.   On or about August 6, 2015, at approximately 12:30 a.m. Plaintiff was in the bar area of Applebees Restaurant located at 17790 Southcenter Parkway in Tukwila, Washington at a time after the restaurant closing.

16.   Plaintiff was known by the staff and management of the restaurant.

17.   Plaintiff was on the premises of the restaurant with the consent of the restaurant staff and management.

18.   Plaintiff was sitting in the bar area when Defendant Officer Backus came to the door of the restaurant and sought entry.

19.   Upon entering the Applebees Restaurant Defendant Officer Backus approached Plaintiff and asked to confirm his identification.

20.   Having confirmed that he was Christopher Stout they conversed for a few seconds to a few minutes.

21.   Plaintiff made no offer of violence.

22.   Plaintiff did engage in conversation with Defendant Office Backus.

23.   Defendant Office Backus grabbed at Plaintiff's wrist.

24.   Plaintiff pulled away from Defendant Officer Backus.

25.   Defendant Officer Backus leapt across the table, grasping Plaintiff's wrist and knocking him to the floor of the bar area.

26.   Defendant Officer Backus landed on top of Plaintiff, twisting Plaintiff's arm behind his back and twisting Plaintiff's shoulder.

27.   Plaintiff was handcuffed by Defendant Officer Backus.

28.   Plaintiff was removed from the Applebee's Restaurant by Defendant Officer Backus.

29.   An Officer placed Plaintiff in a police vehicle.

30.   An Officer transported Plaintiff to the Maleng (King County) Regional Justice Center.

Complaint          Stout v. City of Tukwila
Page 3

31.    At no time in the process did any officer of Defendant Tukwila Police Department disclose to Plaintiff why he was arrested.

32.    At the Maleng Regional Justice Center Plaintiff was processed and placed in general population.

33.    Plaintiff was not characterized as any special status in the Jail population.

34.    Plaintiff was not characterized as a suicide risk while in the Maleng (King County) Regional Justice Center.

## JURISDICTION AND VENUE

35.    This court is the proper court for trial in this action in that the actions and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

## FIRST CAUSE OF ACTION

### ASSAULT AS AGAINST DEFENDANT OFFICER BACKUS

36.    Plaintiff realleges and incorporates by reference all previous paragraphs above, as though fully set forth herein.

37.   Defendant Officer Backus grabbed Plaintiff striking Plaintiff in the shoulder and threw Plaintiff to the floor.

38.   Defendant inflicted bodily injury on Plaintiff.

39.   Defendant's actions could reasonably be expected to be offensive or harmful to an ordinary person.

40.   Defendant's actions were done with unlawful force.

41.   Defendant's actions were done in such a manner as to create in Plaintiff an apprehension and fear of bodily injury, and which in fact creates in Plaintiff a reasonable apprehension and imminent fear of bodily injury.

42.   Defendant's actions resulting in physical contact were without the consent of the Plaintiff.

## SECOND CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST DEFENDANT OFFICER

43.    Plaintiff realleges and incorporates by reference all previous paragraphs above, as though fully set forth herein.

Complaint          Stout v. City of Tukwila
Page 4

44.    Defendant Officer Lindstrom and Defendant Officer Backus intentionally or recklessly caused emotional distress to Plaintiff by extreme and outrageous conduct.

45.    Defendant Officer Backus and Defendant Officer Lindstrom's Language was clearly expressed for the purpose of insulting and verbally abusing an already injured Plaintiff.

## THIRD CAUSE OF ACTION
### ARREST WITHOUT PROBABLE CAUSE AS AGAINST
### DEFENDANT OFFICER BACKUS

46.    Defendant Officer Backus had an intent to arrest Christopher Stout.

47.    Defendant Officer Backus took Christopher Stout into custody,

48.    The mechanism that Defendant Officer Backus used to take Plaintiff into custody was to assault Christopher Stout.

49.    Defendant Officer Backus was acting under real or assumed legal authority when he arrested

50.    Defendant Officer Backus engaged in an actual or constructive seizure or detention of the Plaintiff by forcing submission by physical restraint.

51.    No personal observations was made by Defendant Officer Backus, the arresting officer, standing alone, sufficient to justify a warrantless arrest that gave Defendant Officer Backus reasonable grounds to believe an offense had been or was being committed.

52.    No informant's tips supported Defendant Officer Backus's determination that Plaintiff had committed a crime or was committing a crime.

53.    Defendant Officer Backus did not make an independent investigation to substantiate that there was information to support making the arrest.

54.     Defendant Officer Backus did not rely on reports from other officers or law enforcement agencies to provide probable cause to arrest.

55.    Defendant Officer Backus did not observe physical evidence at the scene that would support arrest.

56.    Defendant Officer Backus did not rely on past criminal record of the Plaintiff in whole or part to justify arrest.

57.    Defendant Officer Backus did not rely on statements made by a Plaintiff immediately before the arrest to justify the arrest of Plaintiff.

MEDICAL LEGAL CONSULTANTS OF WASHINGTON
5355 204th Place NE
Redmond, WA  98053

## FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS AS AGAINST ALL DEFENDANTS

58.     Plaintiff realleges and incorporates by reference all previous paragraphs above, as though fully set forth herein.

59.     Defendant Officer Backus actions in assaulting Plaintiff were made under real or assumed legal state authority.

60.     Defendant Officer Backus was acting under authority of the City of Tukwila.

61.     Defendant Officer Backus at the time he assaulted Plaintiff was an officer of the City of Tukwila Police Department.

62.     Defendant Officer Backus action in assaulting Plaintiff was in violation of 42 U.S. Code § 1983.

63.     Defendant Officer Backus actions in arresting Plaintiff were made under real or assumed legal state authority.

64.     Defendant Officer Backus in arresting Plaintiff was acting under authority of the City of Tukwila.

65.     Defendant Officer Backus while arresting Plaintiff was an officer of the City of Tukwila Police Department

66.     Defendant Officer Backus action in arresting Plaintiff were in violation of 42 U.S. Code § 1983.

67.   Defendant Officer Backus demonstrated a fundamental misunderstanding about the limits of a police officer's ability to bring the full force of the law to bear upon a person who is not reasonably suspected of being involved in criminal activity.

## RELIEF REQUESTED

WHEREFORE, Christopher M. Stout claims damages and demands judgment as follows:

68.     Monetary compensation for losses associated with Christopher M. Stout's physical injuries caused by the tortious conduct of the defendants, including:

69.     Physical injury, conscious pain and suffering, mental anguish, mental suffering, embarrassment;

70.     Reasonable and necessary expenses for medical treatment rendered to him in the past, and

MEDICAL LEGAL CONSULTANTS OF WASHINGTON
5355 204th Place NE
Redmond, WA  98053

that will be medically probable in the future, on account of those injuries; and

71.   Pre- and post-judgment interest on those amounts in the maximum amount allowed by law.

72.   Such other and further relief as this Court deems just and proper.

Dated August 3, 2018.

_____

CHRISTOPHER K. STEUART
WSBA 24583,
MEDICAL LEGAL CONSULTANTS OF WASHINGTON
Attorney for Plaintiff

Complaint        Stout v. City of Tukwila
Page 7

MEDICAL LEGAL CONSULTANTS OF WASHINGTON
5355 204th Place NE
Redmond, WA   98053