| CHRISTOPHER M. STOUT, | CASE NO. C18-1687JLR |
|---|---|
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| v. | |
| CITY OF TUKWILA, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants City of Tukwila (the "City"), Tukwila Police Department (the "Police Department"), Christopher Backus, and Daniel Lindstrom's (collectively, "Defendants") motion to dismiss Plaintiff Christopher Stout's complaint under Federal Rule of Civil Procedure 12(b)(6). (MTD (Dkt. # 12).) Mr. Stout filed a response and included a motion for leave to amend his complaint. (Resp. (Dkt. # 13).)

The court has reviewed the motions, the parties' briefing in support of the motions, the relevant portions of the record, and the applicable law. Being fully

ORDER - 1

informed,[1] the court GRANTS Defendants' motion to dismiss, GRANTS Mr. Stout's motion for leave to amend his complaint, and DISMISSES with prejudice (1) Mr. Stout's claim of intentional infliction of emotional distress ("IIED") and (2) Mr. Stout's claims against the City and the Police Department.

## II. BACKGROUND

Mr. Stout filed his complaint in King County Superior Court on August 3, 2018. (*See* Compl. at 8.) He alleges that Defendant Christopher Backus of the Tukwila Police Department forcibly arrested him at an Applebees without disclosing why he was doing so. (*See id.* ¶¶ 15-31.) Mr. Stout's complaint includes three claims against Mr. Backus personally: assault, intentional infliction of emotional distress ("IIED"),[2] and "arrest without probable cause." (*See id.* ¶¶ 36-57.) It also includes a fourth claim alleged against all Defendants for "violation of civil rights" pursuant to 42 U.S.C. § 1983. (*See id.* (¶¶ 58-67).)

//

//

//

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds it would not be helpful to the disposition of the motions, *see* Local Civil Rules W.D. Wash. LCR 7(b)(4).

[2] Unlike Mr. Stout's first and third claims, which specify that Mr. Stout alleges them "against Defendant Officer Backus," Mr. Stout's IIED claim states only "as against Defendant Officer." (*See* Compl. at 5.) Also unlike Mr. Stout's first and third claims, which include allegations only against Mr. Backus, Mr. Stout's IIED claim makes two references to Defendant Daniel Lindstrom, another Tukwila Police Department officer, in the section of his complaint devoted to his IIED claim. (*See id.* ¶¶ 44-45.) Therefore, although not entirely clear, the court construes Mr. Stout's complaint to assert IIED against both Mr. Backus and Mr. Lindstrom.

The City removed this case to federal court on November 21, 2018,[3] and filed an answer on November 30, 2018. (*See* Not. of Removal (Dkt. # 1) at 4; Ans. (Dkt. # 7).) On September 5, 2019, Defendants filed the present motion to dismiss. (*See* Mot. at 10.) Defendants ask the court to dismiss (1) Mr. Stout's assault claim as barred by the statute of limitations, (2) Mr. Stout's IIED claim because "the allegations in the complaint do not rise to the standard of outrage," (3) the City and Police Department because "there is no *Monell* liability against the City of Tukwila and its police department is not a legal entity capable of being sued," and (4) Mr. Lindstrom because Mr. Stout's complaint "does not contain any factual allegations" against him. (*See id.* at 1-2.)

Mr. Stout filed a roughly two-page response that includes a proposed amended complaint. (*See* Resp., Ex. 1 ("Prop. Am. Compl.").) Several portions of Mr. Stout's response are unintelligible. For example, the response includes what appears to be a verbatim quote from Defendants' motion to dismiss, which states in part "[t]he complaint is devoid of any factual allegations against Officer Lindstrom." (*See* Resp. at 1.) Nevertheless, Mr. Stout appears to (1) not object to dismissing his assault claim against all Defendants, and (2) seek leave to amend his complaint in the form of the proposed amended complaint in an effort to cure deficiencies raised by Defendants' motion to dismiss. (*See generally* Resp.)

//

//

---

[3] The Notice of Removal states that the City "was served with the [s]ummons and [c]omplaint on October 29, 2019." (*Id.* at 2.) Mr. Stout does not contest the date of service. (*See generally* Dkt.)

In reply, Defendants oppose Mr. Stout's request for leave to amend because "[t]he proposed Amended Complaint does not cure the deficiencies in the original Complaint." (Reply (Dkt. # 15) at 2.) Defendants also contend that amendment would be futile, and that even if it were not, Mr. Stout should not be granted leave to amend because his proposed amendments are "based on evidence available to him when he filed his original Complaint." (*See id.* at 2-4.)

### III. ANALYSIS

**A.    Form of Defendants' Motion to Dismiss**

As an initial matter, and although the distinction is largely semantic, the court construes Defendants' motion not as a motion under Rule 12(b)(6), but as a motion for judgment on the pleadings under Rule 12(c). Motions under Rule 12(b) "shall be made before pleading if a further pleading is permitted." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (1980) (quoting Fed. R. Civ. P. 12(b)). However, if a motion to dismiss for failure to state a claim "is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to [Rule] 12(c)." *See id.*; *see also* Fed. R. Civ. P. 12(h)(2) (authorizing a motion under Rule 12(c) to raise the defense of failure to state a claim, even after an answer has been filed). The case for construing a post-answer motion to dismiss for failure to state a claim as a Rule 12(c) motion "is further strengthened, where, as here, [the answer] include[s] the defense of failure to state a claim." *See Aldabe*, 616 F.2d 1089 at 1093.

Here, the City filed its answer on November 30, 2018 (*see* Ans. at 6) and filed the present motion to dismiss on September 5, 2019 (*see* Mot.). The City's answer includes

as a defense that Mr. Stout's "complaint fails to state facts sufficient to state a claim upon which relief can be granted." (Ans. at 5.) Accordingly, the court construes Defendants' motion as a Rule 12(c) motion for judgment on the pleadings.

**B.    Rule 12 Standard**

The standard for dismissing claims under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (internal quotation marks and citation omitted); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule.") (internal quotation marks and citation omitted). This is because, "under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1008 (internal quotation marks and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A motion under [Rule] 12(b)(6) tests the formal sufficiency of the statement of claim for relief." *Palms v.*

//

*Austin*, C18-0838JLR, 2018 WL 4258171, at *4 (W.D. Wash. Sept. 6, 2018) (quoting *Fednav Ltd. v. Sterling Int'l*, 572 F. Supp. 1268, 1270 (N.D. Cal. 1983)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and must accept all well-pleaded allegations of material fact as true, *see Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). However, the court need not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 550).

Complaints removed to federal court must meet the federal pleading standards set forth in *Iqbal*. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court."); *Harris v. City of Seattle*, C02-2225MJP, 2003 WL 1045718, at *2 (W.D. Wash. Mar. 3, 2003) (holding that in a case removed to federal court, "federal law, not state law, governs with what specificity [the p]laintiff must plead in order to survive a 12(b)(6) motion").

**C.     Assault**

Defendants move to dismiss Mr. Stout's assault claim against all defendants. (*See* Mot. at 1-2.) The City contends that the applicable statute of limitations for assault claims is two years. (*See id.* at 4 (citing RCW 4.16.100(1).) Mr. Stout claims he was assaulted during an August 6, 2015 arrest (*see* Compl. ¶¶ 15, 36-42), he did not file this lawsuit until August 3, 2018 (*see id.* at 8).

In response, Mr. Stout "does not object to dismissing the assault cited in the First Cause of Action." (Resp. at 3.) Mr. Stout's position is confirmed by the fact that his proposed amended complaint drops his assault claim. (*See generally* Prop. Am. Compl.) Accordingly, the court GRANTS Defendants' motion for judgment on the pleadings as to Mr. Stout's assault claim.

**D.     Intentional Infliction of Emotional Distress**

Defendants contend that "[e]ven assuming all facts plead[ed] by plaintiff [are] true, the alleged conduct does not rise to the requisite level to support a claim of outrage." (*See* Resp. at 7.) The court agrees.

The burden of proof on an IIED claim is stringent. *See Lyons v. U.S. Bank Nat. Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014) (explaining that a successful IIED claim "requires proof that the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (internal quotations and citation omitted). To prevail on an IIED claim, "a plaintiff must prove (1) outrageous and extreme conduct by the defendant, (2) the defendant's intentional or reckless disregard of the probability

of causing emotional distress, and (3) actual result to the plaintiff of severe emotional distress." *Steinbock v. Ferry Cty. Pub. Util. Dist. No. 1*, 269 P.3d 275, 282 (2011).

Mr. Stout's allegations do not state an IIED claim. In his complaint, Mr. Stout alleges, in addition to an assault, that "Defendant Officer Backus and Defendant Officer Lindstrom's [l]anguage was clearly expressed for the purpose of insulting and verbally abusing an already injured Plaintiff." (*See* Compl. ¶ 45.) The conduct described does not rise to the level of "outrageous and extreme." *See Steinbock*, 269 P.3d at 282. Even if it did, Mr. Stout does not allege facts showing that he suffered "severe emotional distress," a necessary element of an IIED claim. *See id.*; (*see generally* Compl.). Accordingly, the court GRANTS Defendants' motion for judgment on the pleadings as to Mr. Stout's IIED claim.

**E.  The City and Police Department**

Defendants contend that "there is no *Monell* liability against the City of Tukwila and its police department is not a legal entity capable of being sued." (Mot. at 2.) Mr. Stout's response provides no substantive rebuttal, stating only that he requests the opportunity to amend his complaint because he "believ[es] that he can state a cause of action as against Tukwila and its Police Department and Officer Lindstrom." (Resp. at 3.) The court agrees with Defendants.

Under the *Monell* doctrine, "a municipality cannot be held liable under section 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "Instead, a plaintiff can allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized city policy." *Vinatieri v.*

*Mosley*, 787 F. Supp. 2d 1022, 1034-35 (N.D. Cal. 2011) (citing *Monell*, 436 U.S. at 690-91; *Harris v. City of Roseburg*, 664 F.2d 1121, 1130 (9th Cir. 1981 ("Official policy within the meaning of *Monell* [encompasses situations] where a municipality impliedly or tacitly authorized, approved, or encouraged illegal conduct by its police officers.") (internal quotations and citations omitted) (alterations in *Harris*). "[B]ecuase *Monell* held that a municipality may not be held liable under a theory of respondeat superior, a plaintiff must show that the municipality's deliberate indifference led to the omission and it caused the employed to commit the constitutional violation." *Vinatieri*, 787 F. Supp. 2d at 1035 (citing *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1186 (9th Cir. 2002)). "In order to do so, the plaintiff must also show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id.* (citing *Gibson*, 290 F.3d 1175 at 1186; *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)).

Taken together, to state a cognizable claim against the City, Mr. Stout must allege "(1) that an officer employed by the [City] violated [Mr. Stout's] rights; (2) that the [City] has customs or policies that amount to deliberate indifference . . .; and (3) that these policies were the moving force behind the officer's violation of [Mr. Stout's] constitutional rights, in the sense that the [City] would have prevented the violation with an appropriate policy. *See id.* at 1035 (citing *Gibson*, 290 F.3d 1175 at 1186; *Amos v. City of Page*, 257 F.3d 1086, 1094 (9th Cir. 2001)).

Defendants contend that Mr. Stout "fails to present facts suggesting the City of Tukwila deliberately disregarded a known or obvious consequence of its actions and that

such deliberate indifference was the driving force behind the allegedly defective police training." (Mot. at 9.) The court agrees. Mr. Stout alleges violations of his civil rights against Mr. Backus, but does not make any factual allegations about any City action, omission, or policy at all, let alone one that is linked to the alleged conduct of Mr. Backus and Mr. Lindstrom. (*See generally* Compl.) Mr. Stout's factual allegations involve only those two officers. (*See generally id.*) Accordingly, Mr. Stout fails to meet the second and third *Monell* requirements, and the court GRANTS Defendants' motion as to Mr. Stout's claims against the City and the Police Department.

### F. Officer Lindstrom

Defendants argue that Mr. Lindstrom should be dismissed as a defendant because Mr. Stout's complaint does not contain any factual allegations against him "that could lead to a finding of liability." (*See* Mot. at 9.) Other than alleging that Mr. Lindstrom is employed by the Tukwila Police Department, Mr. Stout's allegations against Mr. Lindstrom are limited to the following:

> 44. Defendant Officer Lindstrom and Defendant Officer Backus intentionally or recklessly caused emotional distress to Plaintiff by extreme and outrageous conduct.
>
> 45. Defendant Officer Backus and Defendant Officer Lindstrom's Language was clearly expressed for the purpose of insulting and verbally abusing an already injured Plaintiff.

(Compl. ¶¶ 44, 45.)

The first allegation is a legal conclusion that the court disregards. *Iqbal*, 556 U.S. 662 at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere

conclusory statements.") (citing *Twombly*, 550 U.S. at 555). Mr. Stout's allegation regarding Mr. Lindstrom's language and the purpose thereof is insufficient as well. Mr. Stout does not make any allegations about what that language consisted of, and without such allegations, Mr. Stout's complaint fails to state a claim against Mr. Lindstrom.

Accordingly, the court GRANTS Defendants' motion as to Mr. Stout's claims against Mr. Lindstrom.

**G.     Leave to Amend**

Having granted Defendants' motion for judgment on the pleadings in full, the court next turns to Mr. Stout's motion for leave to amend his complaint. (*See* Resp.; Prop. Am. Compl.) A party may amend its pleading with the court's leave. *See id.* "The court should freely give leave when justice so requires." *See id.* This policy "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Rule 15's permissive policy is not, however, without its limits, and the court must consider four factors that weigh against granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Not all of these factors are to be weighted equally. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show that they will be prejudiced by

//

the court granting leave to amend.  *DCD Programs, Ltd.*, 833 F.2d 183, 187 (9th Cir. 1987) (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

Here, Mr. Stout "does not seek to add new causes of action." (Resp. at 3.) Instead, he seeks to add "information" to his complaint that was "provided to defendants in initial disclosures."[4] (*Id.*) Mr. Stout's amended complaint alleges that Mr. Backus told Mr. Stout "you need to come outside" without saying why. (Prop. Am. Compl. ¶ 26.) Subsequently, after talking with Mr. Backus for 10 to 15 minutes, Mr. Backus "stepped towards Plaintiff and reached for Plaintiff's right wrist and grabbed it and Plaintiff pulled away," told Mr. Backus "[y]ou assaulted an officer," grabbed Mr. Stout, and threw him on the floor. (*Id.* ¶¶ 34-36.) Mr. Backus "landed on top of" Mr. Stout, twisted his arm behind his back, and twisted Mr. Stout's shoulder, causing him pain. (*Id.* ¶ 36.) Mr. Backus then began punching Mr. Stout, hitting him "in the back and side." (*Id.*) Mr. Stout said "you're hurting my shoulder." (*Id.*) Mr. Lindstrom then came into the restaurant, at which point Mr. Backus asked Mr. Lindstrom for handcuffs. (*Id.* ¶ 37.) Mr. Stout alleges that "both Backus and Lindstrom told [Mr. Stout] to '[s]hut up, you little pussy.'" (*Id.* ¶ 38.) Mr. Stout alleges that he received medical attention from a fire department paramedic before being transported to jail. (*Id.* ¶¶ 40-44.) He further alleges that he was never told why he was arrested. (*Id.* ¶ 43.) He alleges he was charged with

---

[4] Mr. Stout failed to include a copy of the proposed amended complaint that indicates "on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added" in accordance with Local Civil Rule 15. *See* Local Civil Rules W.D. Wash. LCR 15. The court considers Mr. Stout's proposed amended complaint in this instance. However, the court cautions Mr. Stout and his counsel that the court will strictly enforce the local civil rules going forward.

assault in Tukwila Municipal Court, but the charge was dismissed. (*Id.* ¶ 51.) Mr. Stout adds two additional allegations against the City:

> 47. The arrest of Plaintiff was made in a manner consistent with Tukwila Police Department Policy.
>
> 48. The arrest of Plaintiff was made in a manner consistent with the training that Officers Backus and Lindstrom received through the Tukwila Police Department.

(Compl. ¶¶ 47-48.)

Defendants argue that Mr. Stout should be denied leave to amend on two primary grounds: (1) Plaintiff's proposed amendment would be futile, and (2) Mr. Stout knew the facts surrounding his proposed amendments when he filed his original complaint. (*See* Reply at 3-4 (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) ("We have also noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (affirming district court's denial of leave to amend where plaintiff's attorney admitted that plaintiffs' delay in bringing a new cause of action "was a tactical choice because he felt that the causes of action already stated were sufficient" and allowing amendment would prejudice the opposing party because of the necessity for further discovery)).) The City does not argue that it would be prejudiced by amendment. (*See generally* Reply.)

First, the court finds that Mr. Stout has not acted in bad faith in seeking amendment. Although Mr. Stout was aware of the allegations he seeks to add to his complaint when he originally filed suit, unlike the plaintiff in *Acri*, there is no evidence

1 | that Mr. Stout deliberately left the allegations out as a "tactic," Mr. Stout does not seek to
2 | add any new claims, and the City does not contend that Mr. Stout's amended complaint
3 | would require additional discovery.  *See Acri*, 781 F.2d at 1398-99.
4 |  Second, the court finds no undue delay; Mr. Stout sought leave to amend prior to
5 | the deadline to seek leave.  (*See* Resp. (filed on September 23, 2019); Sched. Order (Dkt.
6 | # 10) at 1 (setting amended pleadings deadline for October 23, 2019).)  Third, Defendants
7 | do not argue that they would be prejudiced by amendment, and the court does not find
8 | prejudice.  (*See generally* Reply.)
9 |  Fourth, the court concludes that amendment is not futile as to Mr. Stout's false
10 | arrest and 42 U.S.C. § 1983 claims against Mr. Backus and Mr. Lindstrom.  Mr. Stout's
11 | proposed amended complaint alleges that Mr. Backus violently attacked and arrested him
12 | without probable cause and without telling Mr. Stout why he was being arrested.  (*See*
13 | Prop. Am. Compl. ¶¶ 26-51.)  Accordingly, the court GRANTS Mr. Stout leave to amend
14 | his complaint in the form of his proposed amended complaint.[5]  (*See* Dkt. # 13-1.)

**H. Claims Dismissed with Prejudice**

Although the court grants Mr. Stout leave to amend his complaint, and finds that he states cognizable false arrest and 42 U.S.C. § 1983 claims against Mr. Backus and Mr. Lindstrom, even Mr. Stout's proposed amended complaint fails to cure the deficiencies

//

---

[5] Mr. Stout's proposed amended complaint contains claims that the court dismisses with prejudice in this order.  *See infra* § IV.H.  For the sake of convenience, and because the parties are nearing the dispositive motions deadline, the court allows Mr. Stout to file his amended complaint on the docket but emphasizes that the claims dismissed with prejudice in this order remain dismissed with prejudice.

with respect to his IIED claim, his claims against the City, and his claims against the Police Department. Accordingly, the court DISMISSES with prejudice the latter claims.

1. IIED

Mr. Stout's proposed amended complaint alleges facts under which Mr. Backus may have engaged in "outrageous and extreme conduct," and "intentional or reckless disregard of the probability of causing emotional distress." *See Steinbock*, 269 P.3d at 282. However, Mr. Stout's proposed amended complaint does not allege any facts showing that Mr. Stout suffered "severe emotional distress" in addition to physical injury as a result of Mr. Backus's conduct. *See id.* Therefore, Mr. Stout's allegations against Mr. Lindstrom do not state a claim for IIED.

2. Claims Against the City and Police Department

Mr. Stout's proposed amended complaint does not cure the deficiencies with respect to his claims against the City and the Police Department. Mr. Stout seeks to add the following allegations:

> 47. The arrest of Plaintiff was made in a manner consistent with Tukwila Police Department Policy.
>
> 48. The arrest of Plaintiff was made in a manner consistent with the training that Officers Backus and Lindstrom received through the Tukwila Police Department.

(Prop. Am. Compl. ¶¶ 47-48.) The court need not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 550). That is what Mr. Stout's new allegations against the City and the Police Department amount to. Additionally, the proposed new allegations do not meet Rule 8's

pleading requirements with respect to a *Monell* claim. *See Vinatieri*, 787 F. Supp. 2d at 1034-35; *Monell*, 436 U.S. at 690-91. They do not tending to show that the training Mr. Backus and Mr. Lindstrom received amounted to "deliberate indifference," allege no details about what the training consisted of, and fail to allege the existence of any specific "customs or policies" that were the "moving force" behind the alleged violations. (*See generally id.*) Accordingly, the court DISIMISSES with prejudice Mr. Stout's claims against the City and the Police Department.

## IV. CONCLUSION

The court GRANTS Defendants' motion for judgment on the pleadings (Dkt. # 12) and GRANTS Mr. Stout's motion for leave to amend his complaint (Dkt. # 13) in the form Mr. Stout submitted it on the docket (Dkt. # 13-1). The court DISMISSES with prejudice (1) Mr. Stout's first cause of action for intentional infliction of emotional distress, and (2) all of Mr. Stout's claims against Defendants City of Tukwila and Tukwila Police Department. The court ORDERS Mr. Stout to file his amended complaint no later than fourteen (14) days from the date of this order.

Dated this 27th day of November, 2019.

JAMES L. ROBART
United States District Judge